[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 29, 1994 Date of Application April 29, 1994 Date Application Filed April 29, 1994 Date of Decision July 25, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Windham.
Docket No. CR93-84020;
Ramon J. Canning, Esq., Defense Counsel, for Petitioner.
Vincent Dooley, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After a plea of guilty, petitioner was convicted of robbery in the first degree, in violation of General Statutes § 53a-134. As a result of such conviction, a sentence of twelve years execution suspended after five years with five years probation was imposed.
The facts underlying petitioner's conviction indicate that, wearing a black ski mask, he entered the residence of the sixty-nine year old victim who was petitioner's girlfriend's step grandfather. Petitioner put a knife to the victim's throat and robbed him of his wallet containing two-hundred to three-hundred dollars. Petitioner also took a gold wedding band and other items from the victim.
Petitioner's attorney argued for a reduction in sentence. He stated that the sentence imposed was disproportionate to the crime involved, and that the judge who imposed the CT Page 10438 sentence either lacked information concerning the case or failed to properly consider it. The attorney stated that on a Motion for Suspension of Prosecution another judge indicated that petitioner would benefit from substance abuse treatment, but that it would only be granted as a part of probation. At the time the plea was entered an alternative incarceration plan involving such treatment was requested. At the time of sentencing, petitioner expected to receive a fully suspended sentence with a drug program as a part of an alternative incarceration plan.
Speaking on his own behalf, petitioner stated that he needed a drug program and that he fully expected such a program would be imposed rather than incarceration.
The State's attorney pointed out petitioner's extensive criminal record which included five felonies. The attorney also stressed that the crime for which the sentence was imposed involved violence and that the sentence imposed was appropriate under the circumstances.
The record fully supports petitioner's claim that he was drug dependent. At the time of sentencing, the report of Connecticut Alcohol and Drug Abuse Commission (CADAC) was presented to the court. This report recommended inpatient treatment for petitioner and his attorney urged the court to impose a suspended sentence with a drug treatment plan as a part of probation.
In imposing sentence, the judge balanced petitioner's need for drug treatment with other factors which appropriately should have been considered. The judge commented on the nature of the crime. Petitioner's offense was a vicious knife-point robbery of an elderly man. The court also took into consideration petitioner's horrendous criminal record which included a number of felony convictions. One of these convictions involved petitioner's breaking into a victim's residence and assaulting him. Petitioner's criminal record also included at least three violations of probation.
The sentence imposed properly took into consideration the crime committed, petitioner's prior criminal record and provided for probation with drug counseling. It cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offense, the CT Page 10439 character of the offender and the need to protect the public interest. Connecticut Practice Book Section 942.
Sentence affirmed.
Purtill, J.
Norko, J.
Stanley, J.
Purtill, J., Norko, J. and Stanley, J. participated in this decision.